IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEAN E. LERCH, | )<br>) |
| Plaintiff, | )<br>) |
| | )     6:15-CV-01395-JO |
| v. | )<br>) |
| CAROLYN W. COLVIN, Acting Commissioner of<br>Social Security, | )     OPINION AND ORDER<br>)<br>) |
| Defendant. | ) |

JONES, J.,

Plaintiff Sean E. Lerch appeals the Commissioner's decision denying his application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

**PRIOR PROCEEDINGS**

Before his present application, Lerch filed a claim for disability insurance benefits under the Social Security Act, alleging disability beginning in July 2006. After developing the record and holding an administrative hearing before an ALJ, the Commissioner denied that application on February 12, 2010. Admin. R. 52-66.

Lerch then filed his present application for disability insurance benefits, alleging disability beginning February 13, 2010. Admin. R. 11, 149. The ALJ found that Lerch met the insured status

1 - OPINION AND ORDER

requirements of the Act through December 31, 2011. Admin. R. 12. Lerch must prove he was disabled on or before that date to prevail on his claim. 42 U.S.C.§ 423(a)(1)(A); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). Accordingly, the relevant period for this appeal runs from February 13, 2010, the day after the previous determination of non-disability, through December 31, 2011, the day Lerch's insured status expired.

To determine whether Lerch was disabled during the relevant time, the ALJ applied the five-step sequential disability determination process described in 20 C.F.R. § 404.1520. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found that, during the relevant time, Lerch's ability to perform basic work activities was adversely affected by degenerative disc disease of the spine with a history of L4-5 decompression surgery and discectomy, colitis, and bursitis in the right shoulder. Admin. R. 14. The ALJ determined that, despite these impairments, Lerch retained the residual functional capacity to perform sedentary work as defined in the regulations, except that he could lift up to 15 pounds occasionally, had limitations on climbing, postural activities, and reaching overhead with his right arm. In addition, Lerch required access to a bathroom at the worksite. Admin. R. 15.

The ALJ compared Lerch's RFC to the description of his past relevant work in his work history report and his hearing testimony and concluded that his past relevant work as a security officer, customer service representative/dispatcher, appointment clerk, and staffing clerk did not require work activities that were inconsistent with his RFC. Admin. R. 18. Accordingly, the ALJ found that Lerch was able to perform past relevant work and was not disabled within the meaning of the Act. Admin. R. 18-19.

///

///

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Substantial evidence is such relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhard,* 433 F.3d 683, 686 (9th Cir. 2005); *See also Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996) ("Substantial evidence means more than a scintilla, but less than a preponderance.") (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004); *Andrews v. Shalala,* 53 F.3d 1035, 1039-40 (9th Cir. 1995).

In addition, a prior determination of non-disability creates a presumption of continuing non-disability that the claimant must rebut by showing that his circumstances changed after the prior determination. Examples of such changes in circumstance include a change in age that affects the applicable age category for the purposes of 20 C.F.R. Part 404, Subpart P, Appendix 2, a change in medical condition showing an increase in severity of the claimant's impairments, evidence of the existence of an impairment that was not previously considered, or a change in the criteria for determining disability. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988); *Taylor v. Heckler*, 765 F.2d 872 (9th Cir. 1985).

## CLAIMS OF ERROR

The claimant bears the burden of showing that the ALJ erred and that any error was harmful, *McLeod v. Astrue*, 640 F. 3d 881, 886-87 (9th Cir. 2011). Lerch contends the ALJ erred at Step Two

of the sequential evaluation process by failing to identify obesity, GERD, migraine headaches, bursitis of the right hip, and sleep apnea among his "severe impairments" as defined in the regulations. Lerch contends the ALJ improperly discounted his subjective statements and the lay witness statements of his friends Doug Meyer and Devin Booth. Lerch contends these errors led the ALJ to assess his RFC in a manner that did not reflect all of his functional limitations and to erroneously conclude that he could perform his past work.

## DISCUSSION

### I. The Step Two Severity Requirement

Step two of the evaluation process is a *de minimis* screening tool. The ALJ must determine whether the claimant has any medically determinable impairment or combination of impairments that adversely affects his ability to perform basic work activities. 20 C.F.R. 404.1520(c); 20 C.F.R. 404.1521. If the ALJ determines that the claimant has no such "severe" impairment the claimant is not disabled within the meaning of the Social Security Act and the disability determination process ends at step two. Here, the ALJ resolved step two in Lerch's favor when he found that the combination of Lerch's impairments adversely affected his ability to do basic work activities, and therefore satisfied the *de minimus* severity requirement. The ALJ properly continued to the remaining steps of the sequential disability determination process instead of halting at step two. Accordingly, Lerch has failed to identify a harmful error at step two of the ALJ's decision. *See Burch v. Barnhart,* 400 F.3d 676, 682 (9th Cir. 2005) (any error in omitting an impairment from the list of severe impairments at step two was harmless because step two was resolved in claimant's favor); *Lewis v. Astrue,* 498 F.3d 909 (9th. Cir. 2007) (failure to list impairments as severe at step two was harmless because the limitations posed by the impairments were considered at step four).

4 - OPINION AND ORDER

## II. Credibility Determination

Lerch contends the ALJ improperly discounted his subjective statements. In his written function report, Lerch said that pain radiating to his legs from a pinched nerve at L4-5 interfered with his ability to sit, stand and walk. He said he had missed work in the past due to migraines and stomach pain from a flare up of colitis. Lerch said he had the urge to go to have a bowel movement frequently, sometimes up to five times a day. Admin. R. 184.

At his administrative hearing, Lerch testified that he had to stop working in July 2006 due to a combination of back problems, the need to use the bathroom more frequently than others, and migraines. Admin. R. 30-31. Lerch said his back problems precluded continuous sitting, standing, or walking. Admin. R. 31. He said he felt the urge to have a bowel movement eight to twelve times a day. Admin. R. 32, 46. Lerch said he had recently developed chest pains. Admin. R. 34.

Lerch testified that his back pain had gotten worse over the years. He said that, in about early 2010, he began to get tingling and numbness between the knees and hips on the front of both legs. Admin. R. 40-41. He said continuous sitting or standing would cause inflammation and he would need to change positions. Admin. R. 42. Lerch said he suffered six to nine migraines per month, lasting three to six hours each. Admin. R. 43.

The ALJ believed Lerch had medically determinable impairments that could cause some degree of the limitations he claimed, as reflected in the significant restrictions in his RFC assessment, limiting him to sedentary work activities at a worksite with ready access to a bathroom. Admin. R. 15. The ALJ discounted Lerch's subjective statements about the intensity, persistence, and limiting effects of his symptoms, however, to the extent he claimed the symptoms prevented him from working even within the restrictions of his RFC. Admin. R. 16.

An adverse credibility determination must include specific findings supported by substantial evidence and a clear and convincing explanation. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Smolen v. Chater*, 80 F.3d at 1281–82. The findings must be sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d at 1039. In assessing credibility, an ALJ must consider all the evidence in the case record, including the objective medical evidence, the claimant's treatment history, medical opinions, daily activities, work history, the observations of third parties with knowledge of the claimant's functional limitations, and any other evidence that bears on the consistency and veracity of the claimant's statements. *Tommasetti*, 533 F.3d at 1039; *Smolen*, 80 F.3d at 1284.

The ALJ's written decision shows that he considered all the evidence pertaining to the proper factors for assessing Lerch's credibility. The ALJ noted the unchallenged adverse credibility determination from the previous ALJ's decision, which was based on a dearth of objective evidence of functional limitation, inconsistencies between the extreme pain Lerch claimed in support of his disability application and the relatively mild pain he reported when seeking treatment from health care providers, his limited use of pain medication relative to the extreme levels of pain he claimed, his failure to seek treatment for colitis symptoms that he later claimed to be debilitating, and the opinions of an examining physician and two non-examining medical consultants who opined that Lerch remained capable of at least sedentary work with modifications for postural activities. Admin. R. 16, 61-64.

The ALJ then reviewed the medical evidence received after the previous decision and found that it did not support a change in Lerch's medical condition that would suggest a worsening of his

functional limitations. The diagnostic imaging of Lerch's spine remained generally consistent with the imaging from the prior period. Admin. R. 350, 412-413. Imaging from January 2010 supported radiculopathy at L2-3, but Lerch contemporaneously reported that he was doing great and failed to indicate any worsening in function. Admin. R. 17, 392, 595. Clinical observations were generally benign as well, with Lerch demonstrating normal gait, intact strength, and no atrophy of muscle bulk or tone that would be associated with inactivity. Admin. R. 17, 411, 412, 646. The ALJ found that Lerch did not report shoulder symptoms to his health care providers after the previous decision and the clinical findings regarding strength and range of motions were normal. Admin. R. 17, 266, 295, 322.

Similarly, the medical evidence regarding his colitis did not support a worsening of his symptoms. The ALJ noted correctly that Lerch did not report symptoms to health care providers until the end of 2011, when he reported frequent urgency in the need to use the bathroom. Admin. R. 17, 319. A colonoscopy study was normal, however, and his symptoms reportedly improved with medication. Admin. R. 17, 303, 296, 309-310, 312. This evidence suggests that Lerch continued to have periodic infrequent flares of these symptoms, consistent with the findings of the previous ALJ. Admin. R. 58, 62. This evidence reasonably supports an adverse inference as to the credibility of Lerch's claim that his functional limitations had worsened and the ALJ's conclusion that Lerch had failed to show a change in circumstances to rebut the presumption of continued non-disability raised by the previous ALJ's decision. *Chavez v. Bowen*, 844 F.2d at 693.

The ALJ also found Lerch's reported daily activities inconsistent with the severity of the symptoms he alleged. Admin. R. 17. As the ALJ found, Lerch appeared to engage in an active lifestyle with exercise at a gym, travel, providing primary care and home schooling for his children,

driving regularly including long trips, going to church, shopping, and spending hours on the computer. Admin. R. 17, 35-37, 38, 39, 40, 280, 284, 293. While these activities are not necessarily equivalent with full time work, they are inconsistent with the severity of the limitations Lerch claimed and support the ALJ's conclusion that Lerch's impairments had not increased in severity during the relevant time for his present claim.

As the foregoing demonstrates, the ALJ considered the proper factors for assessing Lerch's credibility and drew reasonable inferences from substantial evidence in the record. The ALJ's explanation is clear and convincing and his findings are sufficiently specific to satisfy me that he did not arbitrarily discredit Lerch's statements. Accordingly, Lerch has failed to establish a basis to overturn the ALJ's credibility determination. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d at 1160; *Tommasetti v. Astrue*, 533 F.3d at 1039.

### III. Lay Witness Statements

In January 2014, Devin Booth wrote a letter in support of Lerch's disability claim. Booth said he had been Lerch's friend and neighbor for ten years and had seen him have difficulty with maintenance tasks around the house due to his inability to lift heavy objects and bend over. He said Lerch had cancelled plans with friends and family due to discomfort from headaches and stomach pain. Admin. R. 260. Another friend, Doug Meyer, also submitted a letter in support of Lerch. Meyer said he had observed Lerch with "extreme back pain" that required him to ask for help with tasks he once did on his own. He said Lerch could not lift heavy objects. He said Lerch's pain had increased since they met ten years earlier. Admin. R. 261. It is worth noting that neither statement suggested that Lerch's impairments had worsened significantly after the previous ALJ's decision. In any event, the ALJ accorded these statements little weight. Admin. R. 18.

Lay witness statements as to a claimant's symptoms are competent evidence that an ALJ must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ may discount the statements of a lay witness for reasons germane to the witness. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). An ALJ need not clearly link the reasons to his determination that the lay witness testimony should be discounted, as long as he notes germane reasons somewhere in the decision and they are supported by substantial evidence. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). When the statements of a lay witness are similar to the claimant's subjective complaints, for example, then an ALJ's clear and convincing reasons for discounting the claimant's testimony are also germane to the lay witness. *Molina v. Astrue*, 674 F.3d at 1114; *Valentine*, 574 F.3d at 694.

Here the ALJ gave more weight to the medical evidence and Lerch's reported daily activities than to the lay witness statements. Admin. R. 18. As noted previously, the ALJ discounted Lerch's subjective statements because they were inconsistent with the medical evidence, treatment record, and Lerch's reported daily activities. Admin. R. 17. The same reasons apply with respect to the lay witness statements. In 2011, for example, Lerch told health care providers that his migraines were becoming less frequent and that he was able to manage them with over the counter medications. Admin. R. 300. He told them that, on his current medications, he was no longer having diarrhea or abdominal pain. Admin. R. 319. This evidence calls into question the accuracy of Booth's statement regarding extreme headaches and stomach pain. The ALJ's reasons for discounting Lerch's subjective statements provide germane reasons for discounting the weight accorded the lay witness statements. *Molina v. Astrue*, 674 F.3d at 1114; *Valentine*, 574 F.3d at 694. I find no error in the ALJ's evaluation of the lay witness statements.

## CONCLUSION

The ALJ's conclusion that the case record did not support a change in circumstances is supported by substantial evidence and will not be overruled. The ALJ properly adopted the previous ALJ's RFC assessment. Lerch's claims of error cannot be sustained for the foregoing reasons. The Commissioner's decision is AFFIRMED.

DATED this 29th day of September, 2016.

Robert E. Jones, Senior Judge
United States District Court